(No. 32171.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT LEE JOHNSON, Plaintiff in Error.

*Opinion filed January 24, 1952.*

ALBERT LEE JOHNSON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Defendant, Albert Lee Johnson, was tried in the criminal court of Cook County for the crime of obtaining money by means of the confidence game. He waived trial by jury and was found guilty by the court and sentenced to the penitentiary for a term of one to ten years. He has sued out this writ of error, contending the evidence is insufficient to support the conviction.

The material evidence for the prosecution consisted of the testimony of the complaining witness and a deputy sheriff. The former, Mrs. Frankie Goodson, testified that on September 17, 1947, while riding in a streetcar, she met the defendant, who introduced himself as a minister and a stranger in town. They left the streetcar and got in a taxi, where a conversation took place with another passenger, Louie Wesley. The latter stated he had found an envelope containing money in the taxi, and displayed an envelope with a one-hundred-dollar bill in it. He later told her there were $3000 worth of securities in the envelope. When they had left the taxi and were standing on a street corner, he told them that he would divide the securities with them, but that each would have to show him a certain amount of money before receiving a share. Defendant produced his wallet, saying he had $1500 or $1800 with him. Mrs. Goodson said she did not have that kind of money with her, but she did have a bank account. Wesley then told her she would have to get the money from the bank the next morning, and he would keep defendant's money overnight. They agreed to meet the next morning, and defendant told her she must be on the "up and up" as he was letting Wesley keep his money overnight. The three met on the corner the next morning, and Mrs. Goodson then went to the bank, accompanied by defendant, and withdrew $1467. They returned to the corner, where they again met Wesley. After asking defendant if he had any

trouble, Wesley took Mrs. Goodson's money and defendant's wallet, saying he would go to his place of employment and bring back the securities. Wesley said defendant could come with him for "identification," and told Mrs. Goodson that they would return in fifteen minutes. Wesley and defendant then walked away and never returned.

After waiting for about a half hour complaining witness reported the matter to the police, and a few days later identified defendant's picture, shown to her at the Detective Bureau, as that of the man who was present when she turned over her money to Wesley.

A deputy sheriff testified that he brought defendant from Tennessee to Chicago in June, 1949; that defendant said he was not in Chicago when Mrs. Goodson lost her money, that Wesley, a roomer in his house, had taken indecent liberties with his niece and defendant had whipped him, and that as a result Wesley put this charge on him.

Evidence for defendant consisted of the testimony of two witnesses, each of whom stated defendant was in Tennessee at the time of the alleged crime.

To support his contention that the evidence is insufficient, defendant relies upon the facts that the testimony of the complaining witness was uncorroborated and that there was no direct evidence showing he received any of the money. But the mere fact that only one witness testified to the commission of the crime is not sufficient to justify a reversal. (*People* v. *Zurek*, 277 Ill. 621.) And it is well settled that an accused may be guilty of the crime of confidence game even though he received none of the money, if it appears that he acted in concert with someone who did. (*People* v. *Krazik*, 397 Ill. 202.) From the testimony of complaining witness it sufficiently appears that defendant acted in concert with Wesley.

Defendant further asserts that his rights were violated by prejudicial acts performed during the trial, and that he did not receive a fair and impartial trial. He fails, how-

ever, to point out or specify the acts to which he objects. Unless specific errors are alleged and argued such contentions or assertions cannot be considered. It is not the duty of this court to enter upon an independent investigation of the entire record in order furnish material on which to base a reversal. *People* v. *Smith,* 404 Ill. 125.

We conclude, therefore, that no error has been shown which would justify a reversal. Upon examination of the evidence, we are satisfied it shows defendant's guilt beyond a reasonable doubt. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*